## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MARIO ZUNIGA,                           :

                **Petitioner**       :

          **v.**                              :

CATRICIA L. HOWARD,              :

             **Respondent**     :

CIVIL ACTION NO. 3:20-1214

(JUDGE MANNION)

## <u>MEMORANDUM</u>

Petitioner, Mario Zuniga, an inmate formerly confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania[1], filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner challenges his 2012 conviction and sentence imposed by the United States District Court for the Northern District of Illinois. See United States v. Zuniga, No. 11-cr-0156 (N. D. E.D. Pa.) (criminal docket). A response (Doc. 11) and traverse (Doc. 12) having been filed, the petition is ripe for disposition. For the reasons that follow, the Court will dismiss the petition for writ of habeas corpus for lack of jurisdiction.

---

[1] Petitioner is currently housed in a Chicago Residential Reentry Center, located 1239 N. Cleaver Street, Chicago, Illinois.

I.   BACKGROUND

Zuniga's criminal history reveals that he has been convicted of nine felonies before 2009, "including three convictions that qualified him as an armed career criminal: a 1985 conviction for robbery; a 1988 conviction for manufacture or delivery of, or possession with intent to manufacture or deliver, cocaine; and a 1996 conviction for attempted murder." United States v. Zuniga, 767 F.3d 712, 715 (7th Cir. 2014). These convictions were included in Zuniga's own Objections to the Presentence Investigation Report (Objections), which detailed, among other items, that he had been sentenced by the Circuit Court of Cook County, Illinois, to 20 years' imprisonment for attempted murder in 1996 and seven years' imprisonment for five separate felony drug offenses in 1988. (Doc. 11-4). Indeed, Zuniga conceded in his Objections that his robbery and attempted murder convictions qualified as felonies under the ACCA. Id.

On March 31, 2011, a Northern District of Illinois federal grand jury issued a two-count indictment charging Zuniga with being a felon in possession of a weapon on November 3, 2009, in violation of 18 U.S.C. §§922(g)(1) and 924(e)(1) (Count I), and possessing cocaine, a Schedule II

- 2 -

controlled substance, in violation of 21 U.S.C. §844(a) (Count II). (Doc. 11-5, Indictment),

On January 17, 2012, a two-day jury trial commenced. (Doc. 11-6, United States v. Zuniga, No. 11-CR-0156 (N.D. Ill. Dec. 2, 2013). On the first day of trial, Zuniga entered into several stipulations, including the following to establish his status as a felon:

> Before November 3, 2009, defendant MARIO ZUNIGA had been convicted of a crime that was punishable by a term of imprisonment of more than one year.

Id. The Government presented this stipulation to the Jury before presenting its first witness. Id. The Judge instructed the Jury that it was "to take the stipulation as true." Id. During its charge on January 19, 2012, the Judge again explained the stipulation to the Jury, as well as the limited purpose of the stipulation. (Doc. 11-3). The Jury received the stipulation to consider during deliberations, and unanimously convicted Zuniga on January 19, 2012. Id

On March 1, 2013, the Court overruled Zuniga's Objections and sentenced Zuniga to a 188-month term of imprisonment on the felon in possession of a firearm conviction (Count I) and a concurrent 364-day term

of imprisonment on the cocaine possession conviction (Count II). (Doc. 11-8).

The Seventh Circuit denied Zuniga's direct appeal and affirmed his conviction and sentence. Zuniga, 767 F.3d at 714. The Seventh Circuit also rejected both Zuniga's challenge to his sentence enhancement under the ACCA and Zuniga's claim that his civil rights had been restored in 1992. See id. at 718-21. On January 12, 2015, the Supreme Court denied certiorari. Zuniga v. United States, 574 U.S. 1103 (2015).

On April 2, 2015, Zuniga filed a 28 U.S.C. § 2241 Petition in the Eastern District of Michigan, wherein he had been incarcerated at the time. (Doc. 11-9). In this petition, he asserted the evidence presented at trial was insufficient to sustain his conviction. Id. On July 20, 2015, the Michigan District Court denied the petition without prejudice to Zuniga's filing a 28 U.S.C. §2255 motion with the sentencing court. (Doc. 11-10).

On October 19, 2015, Zuniga filed his first 28 U.S.C. §2255 Motion in the Northern District of Illinois, in which he alleged ineffective assistance of counsel and argued that his prior conviction for attempted murder did not qualify as a predicate offense under the ACCA in light of Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. 11-11). On August 8, 2016, the Court

- 4 -

denied the motion. (Doc. 11-12). On April 30, 2018, the Seventh Circuit affirmed the denial because "attempted murder in Illinois is categorically a violent felony under [the ACCA]," pursuant to its decision in Hill v. United States, 877 F.3d 717 (7th Cir. 2017). (Doc. 11-13). The Seventh Circuit thereafter denied Zuniga's request for rehearing, (Doc. 11-14), and the Supreme Court denied certiorari. (Doc. 11-15).

On August 8, 2019, Zuniga moved the Seventh Circuit for authorization to file a second or successive 28 U.S.C. §2255 motion, arguing that his attempted murder conviction "no longer qualifies as a violent felony under the [ACCA]," pursuant United States v. Davis, 139 S. Ct. 2319 (2019). (Doc. 11-16). The Seventh Circuit denied authorization because Zuniga had "assert[ed] the same constitutional theory as in his first § 2255 motion – albeit with a new case citation." (Doc. 11-17).

Petitioner files the instant petition claiming that he is "actually innocen[t]," contending that "Rehaif rendered his conduct non-criminal" and that the "Government never proved that [he] Belonged to a Relevant Category of Person's [sic.] barred from Possessing Firearms." (Docs. 1, 2). Second, Zuniga argues that the trial judge (and the Government) failed to instruct the Jury on "the (Firearm Element) one of the Elements Needed to

Sustain a Conviction for a felon in Possession charge." Id. Third, Zuniga believes he should not have been sentenced under the ACCA because he did not know his 1985 robbery conviction was "punishable by imprisonment for a term that exceeds one year." Id. Lastly, Zuniga reasserts his argument that he should not have been sentenced under the ACCA because his civil rights were restored. Id.

## II.  DISCUSSION

Federal prisoners seeking post-conviction relief from their judgment of a conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); 28 U.S.C. §2255(e). Section 2255 provides in relevant part:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

- 6 -

***

(e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

***

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, who would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255. Subsection (e) is commonly referred to as the "saving clause."

Very recently, in <u>Jones v. Hendrix</u>, 599 U.S. __, __ S. Ct. __, No. 21-857, 2023 WL 4110233 (June 22, 2023), the United States Supreme Court foreclosed challenges under §2241 that are based on a new Supreme Court case interpreting the statute under which the petitioner was convicted or sentenced. <u>Id</u>. at *4.

- 7 -

In Jones, the petitioner, like Zuniga, filed a §2241 petition challenging his sentence based on Rehaif v. United States, 588 U.S. ---, 139 S. Ct. 2191 (2019), a Supreme Court decision involving a new rule of statutory interpretation. 2023 WL 4110233 at *4. Jones had previously filed a §2255 petition, which was adjudicated on the merits. Id. He argued that he could pursue a new challenge to his sentence in a §2241 petition because, before the new Supreme Court case was issued, his position was foreclosed by binding circuit precedent, so his §2255 remedy had been "inadequate or ineffective" to test the legality of his sentence. Id. The U.S. Supreme Court affirmed the district court's dismissal of his §2241 petition for lack of jurisdiction, explaining:

> [T]he saving clause does not authorize...an end-run around
> [§2255(h)]. In §2255(h), Congress enumerated two—and only
> two— conditions in which a second or successive §2255 motion
> may proceed. Because §2255 is the ordinary vehicle for a
> collateral attack on a federal sentence, the straightforward
> negative inference from §2255 is that a second or successive or
> collateral attack on a federal sentence is not authorized unless
> one of those two conditions is satisfied.

Id. at *7 (expressly overruling Third Circuit's application of the saving clause in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)).

In this case, like Jones, Zuniga challenges his conviction and sentence, but he previously filed a §2255 petition that was denied. Thus, under Jones, he cannot challenge his conviction and sentence with a § 2241 petition unless it fits within the parameters of §2255(h). In clarifying Jones, the Supreme Court held that "the saving clause does not authorize such an end-run around the AEDPA." Jones, 2023 WL 4110233, at *7. Rather, the inability of a prisoner with a statutory claim to satisfy the two limited conditions specified by §2255(h), "in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences ... does not mean that he can bring his claim in a habeas petition under the saving clause." Id. at 9. Instead, the Court found that "[i]t means that he cannot bring it at all." Id. Thus, just as a federal prisoner may not rely on a favorable change of statutory law to file a second or successive §2255 motion, neither may he raise such a claim in a §2241 petition on the grounds that the remedy afforded by §2255 is "inadequate or ineffective" to test the legality of his detention. See id. at *7. Jones, 2023 WL 4110233, at *5 (holding "that §2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's

restrictions on second or successive §2255 motions by filing a §2241 petition.").

Zuniga's §2241 petition—which seeks relief based on the Supreme Court's decision in <u>Rehaif</u>—is thus an unauthorized successive collateral attack on his conviction. <u>Jones</u>, 2023 WL 4110233, at *9 ("Congress has chosen finality over error correction...."). In light of <u>Jones</u>, a federal prisoner may no longer seek relief from his conviction or sentence, in a §2241 petition via the §2255(e) saving clause, based upon a favorable change in statutory interpretation and Zuniga's petition must be dismissed for lack of subject matter jurisdiction.

## III.  CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus will be dismissed for lack of jurisdiction. A separate Order will be issued.

**MALACHY E. MANNION**
**United States District Judge**

**DATED: June** 30 **, 2023**
20-1214-01

- 10 -